IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATT STROUD *et al* | : |
| | : CIVIL ACTION |
| *Plaintiffs* | : |
| | : No. 19-1289 |
| v. | : |
| | : |
| MAGISTERIAL DISTRICT JUDGE | : |
| DANIEL E. BUTLER *et al.* | : |
| | : |
| *Defendants* | : |

**Reply Brief in Support of Defendants Magisterial District Judges Daniel E. Butler, Anthony M. Ceoffe, Kevin E. Cooper, James J. Hanley, Jr., Richard G. King, Randy C. Martini, James A. Motznik, Mikhail N. Pappas, Oscar J. Petite, Jr., Robert P. Ravenstahl, Eugene N. Ricciardi, and Derwin D. Rushing, and President Judge Kim Berkeley Clark's <u>Motion to Dismiss the Complaint</u>**

Plaintiffs' Brief in Opposition to the Motion to Dismiss makes a few points that warrant a response.

1. **Plaintiffs' attempt to distinguish the cases that uniformly hold that there is no First Amendment right to record proceedings fails.**

As detailed in Judicial Defendants' Principal Brief, courts consistently hold that there is no First Amendment right to record court proceedings. Plaintiffs attempt to get out from under these cases first by stating that none of those cases addressed the "right to record the government's public activities and to disseminate those recordings publicly." (Plaintiffs' Brief at 25.) Yet Judicial Defendants' cases dealt with exactly that: persons and the press seeking to record court proceedings and to disseminate them publically.

Next, Plaintiffs point out that some cases involved televising proceedings, not audio recordings, and therefore are not applicable. This is a distinction without a difference. Courts have consistently upheld prohibitions on audio and non-televised recordings, too. *See United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 113 (2d Cir. 1984)*; United States v. Nabaya*, 2017 WL 1424802, at *2 (E.D. Va. 2017); *McKay v. Federspiel,* 22 F.Supp.3d 731, 736 (E.D. Mich. 2014). In addition, Plaintiffs cite no cases holding that there is a First Amendment right to make audio recordings.[1]

Finally, Plaintiffs assert that none of Judicial Defendants' cited cases involved proceedings that occur "off the record."[2] But the cases holding that no First Amendment right exists to make recordings did not base their analysis on whether a transcript existed. To the contrary, except for a couple of cases that mention it in passing, whether a transcript existed is not even mentioned – let alone used to support a holding. Instead, the issue is whether the right of access encompasses a right to make audio recordings, which it does not.

---

[1] Plaintiffs do cite a New York trial court case that held a rule prohibiting audio and visual coverage was unconstitutional. This case has no value to their argument, however, because New York's highest court subsequently held that the rule did not violate the First Amendment. *See Courtroom Television Network LLC v. State of New York*, 833 N.E.2d 1197 (N.Y. 2005)(stating that the rule did not prevent the press from attending and reporting, and that the prohibition was "not a restriction on the openness of court proceedings but rather on what means can be used in order to gather news. The media's access is thus guaranteed.")

[2] Presumably, Plaintiffs mean without a transcript. As Judicial Defendants highlight in their Principal Brief, there are multiple records available about every arraignment and bail.

## 2. Plaintiffs' reliance on *United States v. Antar* is misplaced.

Plaintiffs try to use *United States v. Antar* to argue that the right to attend and observe arraignment proceedings in person is "not sufficient" because the right to access encompasses access to "documentation of an open proceeding." (Plaintiffs' Brief at 17.) Yet the *Antar* facts are distinguishable. First, whether there was a right to make audio recordings of proceedings was not at issue. Instead, the question revolved around whether the trial court erred in barring the press from jury voir dire proceedings and sealing the voir dire transcripts. 38 F.3d 1348, 1351 (3d Cir. 1994). The case at bar is not that case: the press and public are able to attend arraignments.

Moreover, in *Antar* a voir dire transcript existed that the trial court refused to release. Here, conversely, Judicial Defendants are not withholding official transcripts from Plaintiffs. Notably, *Antar* does not hold that a court must create a record that does not exist. *See Cincinnati Enquirer v. Cincinnati Bd. of Educ.*, 249 F.Supp.2d 911, 917 (S.D. Ohio 2003)(holding that there is no First Amendment right to force the government to create a record that does not exist).

What is more, Plaintiffs' arguments not only run counter to settled case law, but also are inconsistent. On one hand, Plaintiffs argue that audio recordings are required because they capture "critical human elements" such as a "magistrate's tone, a lawyer's inflection, a crack in the defendant's voice – that cannot be documented as effectively in print." (Plaintiffs' Brief at 13, 17.) They even maintain

that transcripts have "shortcomings," which require audio recordings. (Plaintiffs' Brief at 13.)[3]

Yet, Plaintiffs turn around and point to the lack of a transcript to support their argument that this Court should create a new First Amendment right. They claim that not having a transcript makes it difficult to determine what happens during the arraignments, for instance. (Plaintiffs' Brief at 18.) Plaintiff seeks to have it both ways: audio is required because transcripts are insufficient, yet because there is no transcript, they claim they cannot understand what is going on.

Regardless, Plaintiffs' claim is that the Rules prevent them from "engaging in protected expression and reporting activities," such as embedding audio clips into online features. (Complaint ¶ 54.) Thus, the basis for Plaintiffs' expression claim is the right to audio record an official's conduct, not to obtain transcripts. (Plaintiffs' Brief at 16.)

### 3. Plaintiffs contort the Third Circuit's straightforward holding in *Fields v. City of Philadelphia.*

Plaintiffs assert that because the Third Circuit holds that the public has a First Amendment right to record police officers performing their duties in public, they can make recordings of court proceedings. They do so by arguing that *Fields* utilized an "intersection" of various First Amendment rights, thus creating an

---

[3] To accept Plaintiffs' argument would mean that every court is required to allow audio recordings of any court proceeding, whether there is a transcript or not. Because, according to Plaintiffs' position, a transcript's "shortcomings" cannot "effectively" document what happens or provide the "critical human elements."

4

entirely new analysis for cases involving the recording of public officials. (Plaintiffs' Brief at 4-5.)

To the contrary, the court held that the right at issue was the "right of access." *Fields v. City of Philadelphia*, 862 F.3d 353, 360 (3d Cir. 2017). The court rejected the plaintiff's contention that the case involved the right of expression – specifically the argument that recording is "inherently expressive conduct." *Id.; see also McKay v. Federspiel*, 22 F.Supp.3d 731, 736 (E.D. Mich. 2014)(rejecting a claim that the existence of a First Amendment right to record government officials in public places confers a right to record courtroom proceedings).[4]

As explained in detail in Judicial Defendants' Principal Brief, the Rules at issue do not "meaningfully interfere with the public's ability to inform itself" about preliminary arraignments. *See Whiteland Woods, L.P. v. Township of W. Whiteland*, 193 F.3d 177, 183 (3d Cir. 1999). Thus, they do not violate Plaintiffs' First Amendment rights.

                          Respectfully Submitted,

                          **s/Michael Daley**
                          MICHAEL DALEY, ESQUIRE
                          Attorney I.D. No. PA77212
                          Administrative Office of PA Courts
                          1515 Market Street, Suite 1414
                          Philadelphia, PA 19102
                          legaldepartment@pacourts.us
                          (215) 560-6300, Fax: (215) 560-5486
                          ***Counsel for Judicial Defendants***

---

[4] Given that the Third Circuit based its holding solely on a right of access, and rejected the right of expression argument, its discussion about a right of expression is dicta.

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATT STROUD *et al* | : |
| | : CIVIL ACTION |
| *Plaintiffs* | : |
| | : No. 19-1289 |
| v. | : |
| | : |
| MAGISTERIAL DISTRICT JUDGE | : |
| DANIEL E. BUTLER *et al.* | : |
| | : |
| *Defendants* | : |

## Certificate of Service

The undersigned certifies that on *January 22, 2020*, he caused the foregoing *Reply Brief* to be served via CM/ECF on all counsel of record.

                      **/s/ Michael Daley**
                      MICHAEL DALEY, ESQUIRE
                      Attorney I.D. No. PA 77212
                      Supreme Court of Pennsylvania
                      Administrative Office of PA Courts
                      1515 Market Street, Suite 1414
                      Philadelphia, PA 19102
                      legaldepartment@pacourts.us
                      (215) 560-6300, Fax: (215) 560-5486